IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBIN JOHNSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

No. C 17-07381 WHA

**AMENDED ORDER GRANTING MOTION TO DISMISS**

### INTRODUCTION

In this social security appeal, the Acting Commissioner filed a motion to dismiss for lack of subject-matter jurisdiction. For the reasons herein, the motion is **GRANTED**.

### STATEMENT

Both the Social Security Administration (SSA) and the Administrative Law Judge denied plaintiff Robin Johnson disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. After these denials, plaintiff sought Appeals Council review. On September 21, 2017, the Appeals Council dismissed plaintiff's request for review (Dkt. No. 3). Plaintiff's complaint herein was filed on December 29, 2017 (Dkt. No. 1). Acting Commissioner Nancy A. Berryhill then moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim (Dkt. No. 8).

**ANALYSIS**

A court may dismiss a complaint under FRCP 12(b)(1) where a court lacks subject-matter jurisdiction. A court may also dismiss a complaint for failure to state a claim upon which relief can be granted under FRCP 12(b)(6). In reviewing a motion to dismiss, a court must read the complaint in light more favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). A court can review a "final decision" regarding a social security claim by a "civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The sixty-day period constitutes a statute of limitations. *See Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).

1. **LACK OF SUBJECT-MATTER JURISDICTION.**

Here, there is no subject-matter jurisdiction because plaintiff's complaint is untimely. Because the regulations define "final decisions" as those by the Appeals Council's reviewing or denying of an ALJ decision, the statute of limitations began when plaintiff received notice from the Appeals Council. 20 C.F.R. § 416.1481.

Plaintiff received notice informing her of the dismissal of her request from review on September 21, 2017. Unless plaintiff proves otherwise, plaintiff is presumed to receive the notice "5 days after the date on the notice." 20 C.F.R. § 404.901. Assuming plaintiff received the notice five days after September 21, plaintiff's sixty-day period expired on November 27, 2017. Since plaintiff did not file her complaint until December 29, 2017, the complaint was untimely. Thus, there is no subject-matter jurisdiction to review the Appeals Council's decision.

2. **EQUITABLE TOLLING.**

Although the sixty-day period in Section 405(g) is subject to equitable tolling, the practice is only allowed when the equities of favoring tolling the limitations period exceeds deference to the agency's judgment. *Bowen v. City of New York*, 476 U.S. 467, 480–81 (1986). In *Bowen*, the agency's final decision was made on a procedural irregularity, and the Supreme Court allowed equitable tolling to provide the plaintiffs with reasonable opportunity to learn the facts concerning the claim.

Plaintiff argues that the circumstances warrant equitable tolling because she relies on worker's compensation to provide her medical benefits, including her medication. She alleges that because she was unable to access her medication in November 2017, she was physically and mentally "incapacitated" from handling her affairs and became unaware of the deadline (Dkt. No. 9 at 3). Plaintiff cites no authority to show why equitable tolling is applicable here.

Unlike *Bowen*, here no procedural irregularities violated plaintiff's rights and no other extraordinary circumstances warrant extension of the sixty-day period. Although plaintiff's inability to access her medicine in November allegedly prevented her from remembering the deadline, plaintiff provides no evidence that it prevented her from receiving the original notice with the deadline expressly listed in September. Consequently, the circumstances of her delay were not caused by actions or inactions by the Appeals Council. Because plaintiff points to no other extraordinary circumstances to render the agency's judgment inappropriate, plaintiff's case does not warrant equitable tolling. *Id.* The foregoing is dispositive.

## CONCLUSION

For the foregoing reasons, the Acting Commissioner's motion to dismiss is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 31, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3